UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| IVAN MUSGROVE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:24-CV-93-CHB |
| ) | |
| v. ) | |
| ) | |
| KNOX COUNTY, KENTUCKY, *et al.* ) | **ORDER ADOPTING REPORT AND** |
| ) | **RECOMMENDATIONS** |
| Defendants. ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the Report and Recommendations filed by United States Magistrate Judge Matthew A. Stinnett, [R. 23]. The Report and Recommendations addresses the Complaint filed by Plaintiff Ivan Musgrove (hereinafter, "Plaintiff"), [R. 1-1], in which Plaintiff asserts various tort claims and civil rights violations related to his confinement at Knox County Detention Center. *See* [R. 1-1].

In his Report and Recommendations, Magistrate Judge Stinnett detailed the facts supporting dismissal of the case for failure to prosecute under Federal Rule of Civil Procedure 41(b), [R. 23, pp. 1–3], and outlined the relevant factors for consideration as set forth in *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359 (6th Cir. 1999). Judge Stinnett ultimately recommended that Plaintiff's claims be dismissed for failure to prosecute in light of Plaintiff's repeated failure to pursue his lawsuit after Plaintiff's counsel withdrew from his case. *Id.* at 1, 4. More specifically, Judge Stinnett found that the facts supporting dismissal of the case include: (1) Plaintiff's failure to respond to the Court's Show Cause Order, [R. 22], and the Court's order to participate in a conference call, [R. 20]; (2) Defendants' expenditure of resources in defending Plaintiff's action, including appearances via conference call as ordered by the Court; (3) the

Court's express warning to Plaintiff of the potential for dismissal, conveyed via a Show Cause Order mailed to Plaintiff's listed address; and (4) Plaintiff's complete lack of involvement in the case since August, 2024. *See* [R. 23, pp. 2–3].

Judge Stinnett's Report and Recommendations advised the parties that any objections thereto must be filed within fourteen (14) days. *Id.* at 4. The time to file objections has now passed, and neither party filed any objections to the Report and Recommendations, nor sought an extension of time in which to do so.

Generally, this Court must make a de novo determination of those portions of the Report and Recommendations to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Judge Stinnett's Report and Recommendations. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Magistrate Judge Stinnett's Report and Recommendations, [**R. 23**], is **ADOPTED** as the opinion of this Court.

2. This matter is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

This the 17th day of November, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY